UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CASTRO,<br><br>    Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>    Respondent. | Case No.: 1:13-cv-01355-AWI-BAM (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 26, 2013. Petitioner contends the Board of Parole Hearings holding on August 23, 2011, denying Petitioner's release on parole violated his constitutional rights.

**I.**

**DISCUSSION**

**A.    Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no

1

1  tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th

2  Cir. 1971).  The Court will review the instant petition pursuant to its authority under Rule 4.

### B. Failure to State a Cognizable Ground for Relief

In the context of a state parole hearing, a federal court's habeas corpus review is extremely limited.  The United States Supreme Court in Swarthout v. Cook, __ U.S. __, 131 S.Ct. 859, 863 (2011) (per curiam) held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts," and not with the federal court.  Since there is no right under the United States Constitution to be released before the expiration of a valid sentence, the federal court's review role is to focus solely on whether a prisoner denied parole received due process-defined as whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied."  Id., at 862 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  "The Constitution does not require more [process]."  Id.

A review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Pet., Tr. of August 23, 2011, hearing.)  Accordingly, under Swarthout, the federal court's inquiry ends and the petitioner's present petition fails to state a claim upon which relief can be granted, and hence, the instant petition for writ of habeas corpus must be dismissed.

Additionally, because there is no tenable claim for relief that can be pled by further amendment to the petition, the granting of leave to amend would be futile and result in the same finding.  Therefore, the instant petition for writ of habeas corpus must be dismissed.  Jarvis v. Nelson, 440 F.3d at 14.

## II.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED with prejudice; and

2. The Clerk of Court is DIRECTED to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 9, 2013**                 /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE